IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03180-M

KEITH CURETON, JR., )
 )
        Plaintiff, )
 )
v. ) ORDER
 )
JAMESE M. VIGUS, )
 )
        Defendant. )

On June 6, 2022, Keith Cureton, Jr. ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 6].

Plaintiff moves to appoint counsel. Mot. [D.E. 4] at 1–2 (asserting the case is complex, he cannot afford counsel, he has limited legal knowledge and lacks law library access, counsel will better represent him at trial, and his repeated attempts to secure an attorney were unsuccessful).

No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). "Exceptional circumstances" that contemplate appointment of counsel in *pro se* civil cases arise when a plaintiff lacks capacity to represent himself; this is a determination by the court that "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163.

Contrary to plaintiff's assertions, this case is not complex. Further, because the filings indicate he has the capacity to represent himself, he also fails to show "exceptional circumstances" meriting appointment of counsel. Cf. id. Accordingly, the court DENIES this motion [D.E. 4].

The court now conducts its initial review under 28 U.S.C. § 1915A and, for the following reasons, dismisses the complaint for failure to state a claim upon which relief may be granted.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, "and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions[.]'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also

2

"must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Discussion:

Plaintiff generally alleges Eighth Amendment violations at Tabor C.I. on June 25, 2020, and names as the defendant Jamese M. Vigus ("defendant"). Compl. [D.E. 1] at 3, 5.

Plaintiff specifically alleges, *inter alia*: a lightning strike on May 21, 2020, cut all power to Tabor C.I.; Gray Unit D dorm was a complete "BLACK OUT [sic]" zone; "it was said that the lightening strike had messed up & knocked out most of the cameras on the Gray Unit causing a major emergency security issue"; "it was later confirmed that 18 cameras [were] out on Gray Unit due to the lightning strike," including both of the two cameras in Unit D dorm; North Carolina Department of Public Safety policy requires that unit managers review work orders and ensure emergency maintenance is timely accomplished; a month went by and the cameras were not fixed because defendant "ignored or disregarded" the issue; "upon information and belief, [defendant] knew of this emergency security issue on the day of the lightning strike . . . or the day after"; on June 26, 2020, while plaintiff was escorted in handcuffs back to his assigned cell from the D dorm shower area, offender James Hill ("Offender Hill") "came out [of] his cell with a metal object in his hand & started brutally attacking me with the metal object"; plaintiff "was unnecessarily pepper sprayed by one of [the] escorts for no reason" because he was restrained and was the victim of Offender Hill's attack; the cameras were not functioning at the time of the attack and were not fixed until June 29, 2020; plaintiff suffered injuries due to Offender Hill's attack and the use of pepper spray, and he was prescribed medications for the sequalae from this incident. Id. at 5–7.

3

Plaintiff seeks, *inter alia*, declaratory and injunctive relief as well as damages. Id. at 9.

"In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (quotation and emphasis omitted). The second prong requires a prisoner to show that "the officials acted with a sufficiently culpable state of mind." Id. (quotation and emphasis omitted); see Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("Farmer") ("[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

The Eighth Amendment also requires prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832 (citations and quotation marks omitted). However, an official is not liable for failure to protect an inmate "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Beyond actual knowledge, the official "must also have recognized that his actions were insufficient to mitigate the risk of harm to the inmate." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quotation marks and citation omitted).

The court presumes plaintiff's injury was objectively substantially serious. Nevertheless, the connection between the purported security camera outage and Offender Hill's attack is speculative and attenuated. Presuming, without deciding, that defendant was actually aware of

4

the purported security camera outage, plaintiff still fails to plausibly allege that defendant either recognized defendant's actions were insufficient to mitigate the risk of harm to plaintiff posed by Offender Hill pursuant to this outage, or that defendant acted with the requisite culpable state of mind. Instead, plaintiff alleges, at worst, defendant's negligence in failing to repair the security cameras sooner. Thus, plaintiff fails to satisfy the subjective component of a viable deliberate indifference claim. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); Farmer, 511 U.S. at 837; Davidson v. Cannon, 474 U.S. 344, 345–48 (1986) (holding prison officials' lack of due care in failing to protect an inmate from an attack by another inmate does not rise to the level of a constitutional violation); Iko, 535 F.3d at 241; De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (surviving initial review requires a plausible claim both "(1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently culpable state of mind." (quotation and alterations omitted)); Strickler, 989 F.2d at 1379; Ruefly v. Landon, 825 F.2d 792, 793 (4th Cir. 1987) (finding negligent failure to protect inmate from physical harm at the hands of other inmates does not violate the Eighth Amendment); see also Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam) (unpublished) ("[P]rison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation"); Arnold v. S.C. Dep't of Corr., 843 F. Supp. 110, 113 (D.S.C. 1994) (finding inmate's injury caused by a faulty steam pot insufficient for a viable deliberate indifference claim where defendants, despite knowing the pot was broken, lacked a subjectively culpable state of mind in failing to repair it).

Finally, because plaintiff's complaint cannot be cured by amendment, dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015), and the court declines to exercise supplemental jurisdiction over any lingering state-law claims, see 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001).

## Conclusion:

For the reasons discussed above, the court: DENIES the pending motion to appoint counsel [D.E. 4]; DISMISSES the complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1); and DIRECTS the clerk to close the case.

SO ORDERED this 8th day of March, 2023.

RICHARD E. MYERS II
Chief United States District Judge